UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN YOUNG, § | | |
|    Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| 31-W INSULATION CO., INC., § | | |
|    Defendant. § | JURY DEMANDED | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Brian Young, ("Young") files his Original Complaint complaining of 31-W Insulation Co., Inc. ("Defendant") and would show the following:

### A. Parties

1. Plaintiff, Brian Young, is an individual who is a resident of Katy, Harris County, Texas.

2. Defendant, 31-W Insulation Co., Inc., is a foreign corporation licensed to do business in the State of Texas, with a principal office located in Houston, Harris County, Texas. Defendant may be served through its registered agent, Darren S. Parker, at 3838 Pinemont Drive, Houston, Texas 77018.

### B. Jurisdiction

3. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the suit arises under the Americans with Disabilities Act of 1990, as amended (the "ADA"). *See* 42 U.S.C. § 12102 *et seq*. Specifically, Young alleges that Defendants engaged in unlawful employment practices, including discrimination based upon a perceived disability, in violation of the ADA.

C. Venue

4. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this District. Specifically, Young was employed by Defendant within the District and the unlawful acts about which he complains occurred, in whole or in part, in this District. In addition, venue is proper in this District because Defendant has a principal office in this District. *See* 42 U.S.C. § 2000e-5(f)(3).

D. Exhaustion of Administrative Remedies

5. Young timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). Young files this Complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A."

E. Factual Allegations

6. Brian Young was employed by Defendant, beginning in March of 2012, as General Manager of Defendant's Houston office. On January 8, 2014, Young was terminated by 31-W, for purported reasons that are utterly without factual support and are pretextual in nature. The Defendant entities employ in excess of 100 employees.

7. Beginning in November of 2013, Young experienced a number of incidents where he felt light-headed and dizzy. He immediately made an appointment to see his primary physician and, after a number of tests, was told by his physician that no diagnosis was possible as all vital signs appeared to be normal. Through the date of this Complaint, no diagnosis has been made and the tests are continuing. On December 11, 2013, Defendant's Regional Manager, Darryl Parker, sent Young an email stating, without reservation, that Young would be allowed to work from home. There was never any qualification that this arrangement would be subject to

evaluation and cancellation and certainly Young was never advised that the accommodation could be made the basis of his termination, without prior notification by Defendant of any perceived problems with the arrangement and an opportunity given to Young for response.

8.   The Houston office was a profitable arm of Defendant under Young's management and continued to be so throughout the few months that Young ran the business from his home office.  From the date of that arrangement through January 7, 2014, there were no phone calls, emails or any other form of communication from Defendant complaining of customer care or the profitability of the Houston office on Young's watch.  Nevertheless, the termination letter sent to Young on January 8, 2014 stated that the Houston office "will not operate properly," that the nature of Defendant's business would change and that Young's present medical issues would "create another unreasonable burden."  However, the Houston office remained a healthy profit center prior to Young's termination, undermining Defendant's perception that Young's perceived physical impairment presented a problem as far as the performance of his job functions.

9.   As additional grounds for Young's termination, Defendant stated that it was forced to "set aside other resources for standing-only work and physical labor" due to Young not being in the office."  There was no standing-only work associated with Young's duties.  Since being allowed to work from home, Young completed every task of his job, ably and well, and any work that had been allegedly completed by others was work that had been assigned to other employees well before Young's medical issues began. When asked to provide even one example of a task that was not completed by Young or identify one person who had to be reassigned to perform a task that Young ordinarily performed, Defendant could not do so.  There were no in-office duties that Young was not able to perform from home.  Further, there were no in-field

3

tasks that required the attention of Young that were not taken care of by either phone or email or by the attention of other employees who previously performed such tasks and were hired long before Young began to telecommute from home.

10. Similarly, defendant contended that "a significant portion" of Young's job requires the operation of automobiles and other equipment" and determined that Young could not perform such functions due to his perceived health issues. This conclusion is without merit. Young's job was accomplished at a desk with a phone and computer. In the two years of his employment by Defendant, he visited the field less than once a month. Young had not unloaded a truck for the 3-4 months immediately prior to his termination because, again, other employees took care of that task, a job that they had been doing for fifteen months prior to Young's termination.

11. Young had not been placed on any medical restriction by his doctors, nor did Defendant give Young any directive that limited his ability to accomplish his daily tasks. Additionally, during the time of his accommodation, Young received no email, no phone call, no letter, no facsimile or any other communication from any member of Defendant's management complaining of any problems or perceived problems arising from his need to work from home, including any problems with work not being completed or any operational burdens associated with personnel having to be reassigned to tasks that Young would ordinarily perform. Given the chance to provide such detail and to support any non-discriminatory reasons for Young's termination, Defendant responded with a letter completely bereft of explanatory detail. Not one reason was given. Not one detail was spelled out. In fact, defendant's conception of the facts is so obviously deficient and irresponsible that Defendant could not even correctly spell Young's name, an employee who worked for it for almost two years.

12. It is clear that Defendant regarded Young as having a physical impairment that substantially limited his ability to perform manual tasks or significantly restricted the conditions under which Young could work and that Defendant terminated Young because of this perceived disability in violation of both federal and state employment law.

### F. Discrimination under the ADA

13. Young incorporates by reference the allegations contained in paragraphs 1-12 as if fully set forth herein.

14. Defendant has engaged in unlawful employment practices in violation of 42 U.S.C § 12112(a).

15. The discrimination was severe and pervasive and it substantially altered the terms and conditions of employment for Young. The effect of Defendant's unlawful employment practices has been to deprive Young of equal employment opportunities and to otherwise adversely affect his status as an employee because of his perceived disability.

16. Defendants' unlawful employment practices have caused Young emotional pain and suffering, inconveniences, mental anguish, and loss of enjoyment of life.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Young.

19. Young is entitled to back pay and front pay and exemplary damages.

### G. Attorneys' Fees

20. Young is entitled to recover all reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and Federal Rule of Civil Procedure 54.

### H.  Jury Demand

21.     Young hereby demands trial by jury and tenders the required jury fee.

### I.  Prayer

For the foregoing reasons, Plaintiff Brian Young asks the Court for judgment against Defendant 31-W Insulation Co., Inc. as follows:

a.      Declare Defendant liable for unlawful employment practices under the ADA;

b.      Award Young damages in an amount equal to the lost salary and benefits that he suffered as a result of Defendant's wrongful conduct;

c.      Award Young punitive damages in an amount to be established at trial;

d.      Award Young reasonable attorneys' fees;

e.      Award Young costs of suit; and

f.      Grant all other relief, both in law and in equity, to which Young may be entitled.

Respectfully submitted,

By: */s/ Anne Marie Finch*
Anne Marie Finch
*Attorney-In-Charge for Plaintiff*
State Bar No. 06997625
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone:  (713) 212-2690 (Direct)
Telephone: (713) 552-1234 (Main)
Facsimile: (713) 212-2790 (Direct Facsimile)
afinch@zimmerlaw.com

**OF COUNSEL:**

**ZIMMERMAN, AXELRAD, MEYER, STERN
 & WISE, P.C.**
Jennifer S. Wilson
State Bar. No. 21697500
Fed. I.D. No. 443
3040 Post Oak Blvd., Suite 1300
Houston, Texas  77056
Telephone:  (713) 212-2674 (Direct)
Telephone: (713) 552-1234 (Main)
Facsimile: (713) 963-0859
jwilson@zimmerlaw.com